**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT GRISSETT, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 15-0072-WS-C** |
| | ) |
| **H.J. BAKER BROS., etc.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss the amended complaint.  (Doc. 31).  The plaintiff has filed a response and the defendant a reply, (Docs. 36, 37), and the motion is ripe for resolution.[1]  After careful consideration, the Court concludes the motion is due to be granted.

## BACKGROUND

The original complaint attempted to assert claims for retaliation under Title VII and OSHA, as well as state tort and contract claims.  The Court granted the defendant's motion to dismiss the complaint but granted the plaintiff leave to file an amended complaint.  (Doc. 29).

The amended complaint identifies a single cause of action:  a Title VII claim for hostile work environment.  (Doc. 30).  The defendant raises two arguments in support of dismissal:  (1) failure to exhaust administrative remedies; and (2) failure to state a claim.  (Doc. 31).

---

[1] The plaintiff's response says only that the motion to dismiss has been mooted by his filing of an amended complaint. (Doc. 36).  The plaintiff, however, has filed no pleading (nor sought leave to do so) since he filed the amended complaint that is the subject of the defendant's motion.  The defendant's motion to dismiss that complaint therefore cannot be moot.

**DISCUSSION**

**I.  Failure to Exhaust Administrative Remedies.**

"[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Gregory v. Department of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotes omitted); *accord Mullins v. Crowell*, 228 F.3d 1305, 1312 (11th Cir. 2000).  The plaintiff's EEOC charge includes allegations of "racist remarks made at that plant," (Doc. 1 at 5), which would appear to suggest a potentially hostile work environment.  The defendant, which acknowledges neither the governing legal test nor these allegations, (Doc. 31 at 2-4), has not applied the test to those allegations or engaged in the sometimes subtle analysis required to evaluate such issues.  The Court will not develop or support an exhaustion argument on the defendant's behalf.

**II.  Failure to State a Claim.**

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Twombly*, 550 U.S. at 555. There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard … asks for more than a sheer possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted). A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*. But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

As noted, the plaintiff's claim is for hostile work environment. "To plead that claim [the plaintiff] was required to allege that:  (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). The Eleventh Circuit has, in several unpublished opinions, indicated that, to satisfy *Twombly* and *Iqbal*, a complaint must set forth facts plausibly suggesting that the hostile environment

experienced by the plaintiff was sufficiently severe and/or pervasive to satisfy the fourth element.[2]  The defendant argues the amended complaint fails to attain this standard.  (Doc. 31 at 5).

The amended complaint alleges the following regarding the defendant's conduct towards the plaintiff (who is black):  (1) falsely accusing him of forging and falsifying a transportation document; (2) placing him on leave (suspension) with pay; (3) terminating him (the only black office employee) and replacing him with a white male; (4) failing or refusing to take prompt remedial action in response to his complaints of being suspended and fired; and (5) failing or refusing to take prompt remedial action in response to the discrimination, hostile work environment and harassment of its managers.  (Doc. 30).

"Discrete acts such as termination … must be challenged as separate statutory discrimination and retaliation claims" and cannot be considered part of a hostile work environment claim.  *McCann v. Tillman*, 526 F.3d 1370, 1378-79 (11th Cir. 2008).  Under *McCann,* the plaintiff cannot complain of his termination or suspension under a hostile-work-environment rubric.  Nor can he rest his claim on the allegation of forgery that allegedly prompted his termination and suspension.  *Freeman v. City of Riverdale*, 330 Fed. Appx. 863, 865-66 (11th Cir. 2009) (false accusations leading to termination had to be asserted as part of a separate termination claim, not as part of a hostile work environment claim).   This leaves for consideration only the final two items on which the plaintiff relies.

 "A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Miller v.*

---

[2] *Glover v. Donahoe*, ___ Fed. Appx. ___, 2015 WL 5438229 at *4 (11th Cir. 2015); *Palmer v. McDonald*, ___ Fed. Appx. ___, 2015 WL 4978778 at *4 (11th Cir. 2015); *Jacobs v. Biando*, 592 Fed. Appx. 838, 841-42 (11th Cir. 2014); *Alhallaq v. Radha Soami Trading, LLC*, 484 Fed. Appx. 293, 296 (11th Cir. 2012); *Wilkerson v. H&S, Inc.*, 438 Fed. Appx. 769, 770 (11th Cir. 2011).

4

*Kenworth, Inc.*, 277 F.3d 1269, 1275 (11ᵗʰ Cir. 2002) (internal quotes omitted). Simply failing to respond to the plaintiff's complaints of being placed on leave and being fired is not intimidating, ridiculing or insulting, much less to such a severe degree as to alter the terms and conditions of employment. And failing to correct a hostile work environment that does not exist cannot itself create a hostile work environment.

The amended complaint does state that the defendant "created a hostile work environment." (Doc. 30 at 2). "That broad statement, however, is merely a 'formulaic recitation of the elements' of a [Title VII] claim and, standing alone, does not satisfy the pleading standard of … Rule 8." *Edwards*, 602 F.3d at 1301 (quoting *Twombly*, 550 U.S. at 555). "An introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief." *Id.*

## III.  Amendment.

The defendant proposes that this action be dismissed without leave to amend because this is the pro se plaintiff's second effort and his "opportunities to fix his deficient pleadings should not be unlimited." (Doc. 31 at 6). The defendant cites no authority in support of its implicit "one amendment" rule, and it offers no reason why such a rule should be crafted for or employed in this case. Certainly the reporters are filled with examples of pro se litigants receiving more than one opportunity to file a viable complaint.[3]

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **granted**. This action is **dismissed with prejudice**, subject to the plaintiff's right

---

[3] *See, e.g., Moody v. City of Delray Beach*, 609 Fed. Appx. 966 (11ᵗʰ Cir. 2015) (discussing pro se plaintiff's second amended complaint); *Peavey v. Black*, 476 Fed. Appx. 697 (11ᵗʰ Cir. 2012) (same); *Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865 (11ᵗʰ Cir. 2006) (same).

to file a second amended complaint on or before **October 16, 2015**, failing which final judgment will be entered in favor of the defendant and against the plaintiff.[4]

DONE and ORDERED this 30th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The plaintiff should not assume he will be provided any additional opportunities to file a viable complaint.  For example, in each of the cases cited in note 3, *supra*, the Eleventh Circuit affirmed the trial court's refusal to permit the pro se plaintiff to file a third amended complaint.